■ In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Respondents, Relative to Acquiring Title to Real Estate for the City of New York in the County of Delaware. CLINTON P. TOMPKINS et al., Appellants.— GIBSON, P. J. Appeals by claimants (1) from an order of the Supreme Court, entered July 8, 1963, which denied, without prejudice, a motion for an order requiring the Law Department of the City of New York to present to the Commissioners of Appraisal for hearing and determination certain claims made pursuant to section K41–44.0 (now section K51–44.0) of the Administrative Code of the City of New York, known as the Water Supply Act, one for damages due to the decrease in value of certain real estate not taken, situate in the Village of Deposit in Delaware County, and the other for damages due to the

decrease in value of an established business conducted thereon, the damage in each case allegedly resulting from the execution of the plans of the City of New York in connection with the construction of the Cannonsville Reservoir in Delaware County as a part of the city's water supply system from the watershed of the west branch of the Delaware River; and (2) from an order of said court, entered July 22, 1964, which denied claimants' motion for a reargument or, in the alternative, a renewal of said prior motion. Claimants' rights depend upon the construction of the language of the statute (§ K51–44.0, subd. a) which, with respect to claims arising in the Village of Deposit in Delaware County, confers a right to damages upon "the owner of any real estate, not taken * * * existing on the first day of January, nineteen hundred fifty-six, or of any established business, which business was established on or prior to the first day of January, nineteen hundred fifty-six which is directly or indirectly decreased in value by reason of the execution of any plans for or by the acquisition of land by the city for a water supply from the watershed of the west branch of the Delaware river". So far as appears, there was "existing" on July 1, 1956 the real property in question and an "established" farm equipment business and gasoline service station conducted thereon; and on December 1, 1958 Stephen Zaczek and his wife conveyed the real property and transferred the business to claimant Tompkins, who shortly thereafter with claimant Fersch formed a partnership to conduct the business. Lands and easements were acquired by the city in connection with the Cannonsville Reservoir project on August 19, 1955 and April 6, 1956 and work on construction contracts was commenced as early as September 26, 1956 and completed in 1957 and 1958. Respondent city contends that the January 1, 1956 date twice appearing in the above-quoted portion of the statute limits claims to those filed by owners of real estate and businesses as of that date and to such owners' assignees; while appellants assert that owners acquiring title subsequent to that date may properly assert damage claims with respect to real estate "existing on" such prior date and businesses "established on or prior to" such prior date. Recognizing that the language is that of an amendment (L. 1956, ch. 424), which could have been couched in the simpler and clearer language of the two sentences preceding it, nevertheless there seems to us no compelling basis for appellants' construction and no indication that the Legislature intended to differentiate as between claimants in this geographical area affected by the west branch of the Delaware River, and those in the categories created by the preceding sentences which, in each case, clearly refer to *ownership* as of the date specified, that is, to an "owner of any real estate * * * or of any established business on" June 1, 1905, in one case, and on December 1, 1914, in the other. The confusion and difficulties that would ensue upon any other construction are apparent and would render any alternative construction unreasonable. Claimants stress their contentions that at the times of their respective purchases, neither knew of the Cannonsville project; but knowledge or lack of it is irrelevant when, as here, the statute fixes a specific cut-off date, with the result that the claimant's status as of that date must logically be held determinative of his right to make a claim. As claims of this kind are assignable, it would seem that no undue hardship or prejudice would result if in cases of this nature, as in other title transfers, the conveyances themselves be looked to as definitive of the property and rights transferred. (Cf. *Matter of Van Etten* v. *City of New York,* 226 N. Y. 483, 489; *Matter of Ford* [*Luth*], 18 A D 2d 855; 19 N. Y. Jur., Eminent Domain, § 110.) Order entered July 8, 1963 modified, on the law and the facts, so as to delete from the decretal paragraph the words "without prejudice"

and, as so modified, affirmed, without costs.   Order entered July 22, 1964 affirmed, without costs.  Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.